IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>ONE (1) 2008 TOYOTA TUNDRA, (VIN # 5TFDV58108X050994), ET AL.,<br><br>           Defendants<br>_____/ | No. C 12-1439 MMC<br><br>**ORDER GRANTING MOTION TO STRIKE CLAIMS; VACATING HEARING** |

      Before the Court is the Government's "Motion to Strike the Late Claims of Tyrel Matthew Graves, Sensi Angelique Graves, William Oran Graves, and Mo Michael Graves Pursuant to Supplement Rule G(8)(c)(1)," filed November 6, 2014.  Tyrel Matthew Graves, Sensi Angelique Graves, William Oran Graves, and Mo Michael Graves (collectively, "the claimants") have filed opposition, to which the Government has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 19, 2014, and rules as follows.

      In opposition to the motion, the claimants assert their interest in the property at issue arose at the time of their father Matthew Graves' forfeiture of his interest therein.  Under such circumstances, the claimants argue, their claims should not be stricken as untimely because their interest in the subject property arose after the conduct giving rise to the

forfeiture had taken place and thus they are "innocent owners," see 18 U.S.C. § 983(d)(3)(A), whose interest "shall not be forfeited under any civil forfeiture statute," see 18 U.S.C. § 983(d)(1).  As the Government correctly points out, however, the claimants do not qualify as "innocent owners" under 18 U.S.C. 983(d)(3)(A), which defines an "innocent owner" as a person who, at the time he/she acquired his/her interest, was both unaware the property at issue was subject to forfeiture and "was a bona fide purchaser for value," see 18 U.S.C. 983(d)(3)(A).  The claimants do not argue, let alone offer any evidence to suggest, they are bona fide purchasers for value.

Accordingly, § 983 does not shield the claimants from the filing requirements of Supplemental Rule G(5), see Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B) (requiring claim be filed "no later than 60 days after the first day of publication"), and their claims, filed more than two years after the Government published notice of its forfeiture action, are hereby STRICKEN as untimely.

**IT IS SO ORDERED.**

Dated: December 3, 2013

_____
MAXINE M. CHESNEY
United States District Judge